## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Catholic Youth Summer Camp, Inc., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:23-cv-01781 |
| v. | : | |
| | : | Judge James L. Graham |
| Hilliar Township, Ohio, et al., | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendants. | : | |

**ANSWER AND DEFENSES OF DEFENDANTS HILLIAR TOWNSHIP, OHIO, BOARD OF TRUSTEES FOR HILLIAR TOWNSHIP, OHIO, COLBY CLIPPINGER, IN HIS OFFICIAL CAPACITY AS HILLIAR TOWNSHIP ZONING INSPECTOR, AND MARK MCCANN, IN HIS OFFICIAL CAPACITY AS THE FIRE CHIEF FOR THE CENTRAL OHIO JOINT FIRE DISTRICT TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Now come Defendants, Hilliar Township, Ohio, Board of Trustees for Hilliar Township, Ohio, Colby Clippinger, in his official capacity as Hilliar Township Zoning Inspector, and Mark McCann, in his official capacity as the Fire Chief for the Central Ohio Joint Fire District (hereinafter referred to as "Defendants"), by and through their undersigned counsel, and for their Answer to Plaintiff's First Amended Complaint state as follows:

### JURISDICTION ND VENUE

**FIRST DEFENSE:**

1. Defendants allege that the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint call for a legal conclusion for which no further admission or denial is required.

2. Defendants allege that the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint call for a legal conclusion for which no further admission or denial is required.

3. Defendants allege that the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint call for a legal conclusion for which no further admission or denial is required.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendants deny for want of knowledge the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendants deny for want of knowledge the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendants deny for want of knowledge the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. With regard to the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint, Defendants admit that Mr. Feick applied for a Conditional Zoning Certificate with the Hilliar Township Board of Zoning Appeals. Further answering, Defendants deny for want of knowledge all remaining allegations contained in Paragraph 14.

15. With regard to the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint, Defendants admit that the BZA held a meeting on the application on March 16, 2015, and at the meeting Damascus' Executive Director, Aaron Richards, explained Damascus' planned day-to-day operations including that Damascus planned to have 160 campers per week. Further answering, Defendants deny all remaining allegations contained in Paragraph 15.

16. Defendants deny for want of knowledge the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendants deny for want of knowledge the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendants deny for want of knowledge the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendants deny for want of knowledge the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendants deny for want of knowledge the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26. With regard to the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint, Defendants admit that Clippinger made a trip and walked the site but denies all other allegations contained in Paragraph 26.

27. With regard to the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint, Defendants admit that Clippinger stated that the Township believed the cottages were beyond the scope of the Conditional Use Permit.  Further answering, Defendants deny all remaining allegations contained in Paragraph 27.

28. With regard to the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint, Defendants admit to the existence of Exhibit A attached to Plaintiff's First Amended Complaint, and that the language contained within said Exhibit A speaks for itself.  Further answering, Defendants deny all remaining allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30. With regard to the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff installed cottages on the property. Further answering, Defendants deny each and every other allegation contained in Paragraph 30.

31. With regard to the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint, Defendants admit that on May 2, 2023, the Township issued a cease-and-desist letter signed by Clippinger. Further answering, Defendants deny each and every other allegation contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. With regard to the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint, Defendants allege that the language contained in Section 14.01 of the Zoning Resolution speaks for itself. Further answering, Defendants deny all remaining allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35. With regard to the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint, Defendants allege that the language contained in the cease-and-desist letter speaks for itself. Further answering, Defendants deny all other allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendants admit the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendants admit the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39. With regard to the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint, Defendants admit that the inspector spoke to Damascus and indicated that the COJFD would not offer the inspection due to the Township's cease and desist letter. Further answering Defendants deny all remaining allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendants deny for want of knowledge the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendants deny for want of knowledge the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendants deny for want of knowledge the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46. Admit that a Complaint for Permanent Injunctive Relief has been filed in the Knox County Court of Common Pleas, Case No. 23IN05-0149 and that Plaintiff filed a motion to stay the state court lawsuit during the pendency of this litigation. Further answering, the remaining allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint are denied.

47. With regard to the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint, Defendants deny engaging in obstructionist tactics.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint.

49. Paragraph 49 is denied for want of knowledge.

50. Admit that Plaintiff contends they made the statements asserted in Paragraph 50 of Plaintiff's First Amended Complaint. Further answering, the remaining allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51. Paragraph 51 is denied for want of knowledge.

52. Paragraph 52 is denied for want of knowledge.

53. With regard to the allegations contained in Paragraph 53 of the Plaintiff's First Amended Complaint, Defendants allege that Plaintiff's application speaks for itself. Further answering, Defendants deny for want of knowledge all other allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendants deny Paragraph 54.

55. Paragraph 55 refers to a document that speaks for itself; otherwise, denied for want of knowledge.

5

56. Defendants deny Paragraph 56 of Plaintiff's First Amened Complaint as stated. Further answering, Plaintiff is fully aware of Defendant's explanation and legitimate reasons for not approving the application at this time.

57. Defendants deny Paragraph 57.

58. Defendants deny Paragraph 58.

59. Defendants deny Paragraph 59.

60. Defendants deny Paragraph 60.

61. Defendants deny Paragraph 61.

62. Defendants deny Paragraph 62.

63. Defendants deny Paragraph 63.

64. Defendants reincorporate all prior responses and denials in response to Paragraph 64.

65. Defendants deny Paragraph 65.

66. Defendants deny Paragraph 66.

67. Defendants deny Paragraph 67.

68. Defendants deny Paragraph 68.

69. Defendants reincorporate all prior responses and denials in response to Paragraph 69.

70. Defendants deny Paragraph 70.

71. Defendants deny Paragraph 71.

72. Defendants deny Paragraph 72.

73. Defendants deny Paragraph 73.

74. Defendants reincorporate all prior responses and denials in response to Paragraph 74.

75. Defendants deny Paragraph 75.

76. Paragraph 76 refers to a legal conclusion for which no response is required; otherwise, denied for want of knowledge.

77. Paragraph 77 refers to a legal conclusion for which no response is required; otherwise, denied for want of knowledge.

78. Defendants deny Paragraph 78.

79. Defendants deny Paragraph 79.

80. Defendants deny Paragraph 80.

81. Defendants deny Paragraph 81.

82. Defendants deny Paragraph 82.

83. Defendants reincorporate all prior responses and denials in response to Paragraph 83.

84. Paragraph 84 refers to a legal conclusion for which no response is required; otherwise, denied for want of knowledge.

85. Paragraph 85 is denied for want of knowledge.

86. Defendants deny Paragraph 86.

87. Defendants deny Paragraph 87.

88. Defendants deny Paragraph 88.

89. Defendants deny Paragraph 89.

90. Defendants deny Paragraph 90.

91. Defendants deny Paragraph 91.

92. Defendants reincorporate all prior responses and denials in response to Paragraph 92.

93. Defendants deny Paragraph 93.

94. Paragraph 94 refers to a legal conclusion for which no response is required; otherwise, denied for want of knowledge.

95. Defendants deny Paragraph 95.

96. Defendants deny Paragraph 96.

97. Defendants deny Paragraph 97.

98. Defendants deny Paragraph 98.

99. Defendants deny Paragraph 99.

100. Defendants deny Paragraph 100.

101. Defendants reincorporate all prior responses and denials in response to Paragraph 101.

102. Defendants deny Paragraph 102.

103. Defendants admit that Plaintiff's applications have received the same considerations as similar applications.

104. Admit the allegations in Paragraph 104.

105. Defendants deny Paragraph 105.

106. Defendants deny Paragraph 106.

107. Defendants deny Paragraph 107.

108. Defendants deny Paragraph 108.

109. Defendants reincorporate all prior responses and denials in response to Paragraph 109.

110. Defendants deny Paragraph 110.

111. Defendants deny Paragraph 111.

112. Defendants deny Paragraph 112.

113. Defendants deny Paragraph 113.

**SECOND DEFENSE:**

114. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE:**

115. Plaintiff's claims are barred by the applicable statute(s) of limitations, laches, waiver, estoppel, and failure to exhaust administrative remedies.

**FOURTH DEFENSE:**

116. Defendants are entitled to absolute and/or qualified immunity.

**FIFTH DEFENSE:**

117. Defendants are immune with respect to claims under state law pursuant to Chapter 2744 of the Ohio Revised Code and/or common law of Ohio.

**SIXTH DEFENSE:**

118. Defendants, at all times, acted in good faith.

**SEVENTH DEFENSE:**

119. Defendants, at all times, acted in accordance with applicable laws.

**EIGHTH DEFENSE:**

120. Defendants allege that at all times relevant to this lawsuit, Plaintiff was treated in a manner consistent with other similarly situated individuals.

**NINTH DEFENSE:**

121. Any and all injuries and/or damages suffered by Plaintiff, if any, which are specifically denied, were directly and proximately caused by intervening and/or superseding acts, negligence or conduct of others, not the responsibility of these answering Defendants.

**TENTH DEFENSE:**

122. Any allocation of liability must include the fault of non-parties per Ohio Revised Code §2307.23, *et seq.*

**ELEVENTH DEFENSE:**

123. Plaintiff has failed to mitigate its damages, if any.

**TWELFTH DEFENSE:**

124. Plaintiff assumed all risks by reason of the manner of its own actions.

**THIRTEENTH DEFENSE:**

125. Defendants' acts, if any, were done in good faith and based upon reasonable and probable cause.

**FOURTEENTH DEFENSE:**

126. Defendants are entitled to any deduction or set off for damages pursuant to Ohio law, including Ohio Revised Code §2744.01, *et seq.*

**FIFTEENTH DEFENSE:**

127. In the event that Defendants are found liable, such liability is denied. Defendants are only liable for their proportionate share of Plaintiff's alleged damages per Ohio Revised Code §2307.22, *et seq.*

**SIXTEENTH DEFENSE:**

128. Any allocation of fault by a trier of fact must be consistent with Ohio Revised Code §2307.22, *et seq.*

**SEVENTEENTH DEFENSE:**

129. Plaintiff's claims for damages violates the due process clause of the Federal and Ohio Constitutions.

**EIGHTEENTH DEFENSE:**

130. Defendants' actions are protected by a qualified and/or absolute privilege.

**NINETEENTH DEFENSE:**

131. Plaintiff has failed to join necessary and indispensable parties.

**TWENTIETH DEFENSE:**

132. Plaintiff has failed to exhaust administrative remedies.

**TWENTY-FIRST DEFENSE:**

133. Plaintiff's claims are barred by the doctrines of *res judicata*, collateral estoppel, issue preclusion, and/or compulsory joinder.

**TWENTY-SECOND DEFENSE:**

134. Defendants' actions were not arbitrary and unreasonable and had a substantial relation to the public health, safety, morals, and/or general welfare.

**TWENTY-THIRD DEFENSE:**

135. Defendants acted pursuant to a legitimate governmental interest.

**TWENTY-FOURTH DEFENSE:**

136. The damages prayed for by the Plaintiff are inappropriate.

**TWENTY-FIFTH DEFENSE:**

137. Plaintiff was given a meaningful opportunity to be heard.

**TWENTY-SIXTH DEFENSE:**

138. Defendants allege that there has been an insufficiency of service of process with regard to Defendants.

**TWENTY-SEVENTH DEFENSE:**

139. Defendants incorporate herein by reference, as if fully restated herein, all of the appropriate defenses set forth in Civil Rules 8 and/or 12 as applicable. Moreover, Defendants reserve all rights pursuant to Civil Rule 15 to subsequently amend this pleading to raise additional and/or withdraw any of the foregoing affirmative defenses as may become necessary during the investigation or discovery in this action.

**WHEREFORE,** having fully answered, Defendants demand that Plaintiff's First Amended Complaint be dismissed with prejudice to the institution of any further proceedings and to all other relief to which they may be entitled, either at law or in equity, to include but not be limited to, an award of their costs, reasonable attorney's fees and interest.

Respectfully submitted,

*/s/ Melvin J. Davis*

Michael J. Valentine, Esq. (0038806)
Melvin J. Davis, Esq. (0079224)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
(614) 228-1311; FAX (614) 232-2410
e-mail:  mvalentine@reminger.com
             mdavis@reminger.com

*Counsel for Defendants, Hilliar Township, Ohio, Board of Trustees for Hilliar Township, Ohio, Colby Clippinger, in his official capacity as Hilliar Township Zoning Inspector, and Mark McCann, in his official capacity as the Fire Chief for the Central Ohio Joint Fire District*

## **JURY DEMAND**

Now come Defendants and hereby request a jury to hear all of the issues of this case.

>*/s/ Melvin J. Davis*
>_____
>Michael J. Valentine, Esq. (0038806)
>Melvin J. Davis, Esq. (0079224)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that said filing will be served via the Court's CM/ECF system upon the following:

>Joseph R. Miller, Esq. (0068463), Trial Attorney
>Elizabeth S. Alexander, Esq. (0096401)
>Jordan C. Patterson. Esq. (101174)
>Vorys, Sater, Seymour and Pease LLP
>52 East Gay Street
>P. O. Box 1008
>Columbus, Ohio 43216-1008
>Phone/Fax: (614) 464-6233
>jrmiller@vorys.com
>esalexander@vorys.com
>jcpatterson@vorys.com
>*Counsel for Plaintiff*

>*/s/ Melvin J. Davis*
>
>Michael J. Valentine, Esq. (0038806)
>Melvin J. Davis, Esq. (0079224)